**MIAOHUI WANG, Petitioner,**

v.

**Eric H. HOLDER, Jr.,**[1] **United States Attorney General, Respondent.**

**No. 08–5114–ag.**

United States Court of Appeals,
Second Circuit.

Oct. 30, 2009.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric. H. Holder Jr. is automatically substituted for for-mer Attorney General Michael B. Mukasey as respondent in this case.

Dehai Zhang, Flushing, NY, for Petitioner.

Tony West, Assistant Attorney General; John C. Cunningham, Senior Litigation Counsel; Ari Nazarov, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C., for Respondent.

PRESENT: DENNIS JACOBS, Chief Judge, REENA RAGGI, and PETER W. HALL, Circuit Judges.

### SUMMARY ORDER

Miaohui Wang, a native and citizen of China, seeks review of a September 23, 2008 order of the BIA affirming the November 20, 2006 decision of Immigration Judge ("IJ") Douglas B. Schoppert, which denied her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Miaohui Wang*, No. A097 485 054 (B.I.A. Sep. 23, 2008), *aff'g* No. A097 485 054 (Immig. Ct. N.Y. City Nov. 20, 2006). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA agrees with the IJ that a petitioner is not credible and, without rejecting any of the IJ's grounds for decision, emphasizes particular aspects of that decision, we review both decisions—or more precisely, we review the IJ's decision including the portions not explicitly discussed by the BIA. *See Yun–Zui Guan v.*

*Gonzales*, 432 F.3d 391, 394 (2d Cir.2005). We review the agency's factual findings under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *see also Corovic v. Mukasey*, 519 F.3d 90, 95 (2d Cir.2008). We review *de novo* questions of law and the application of law to undisputed fact. *See Salimatou Bah v. Mukasey*, 529 F.3d 99, 110 (2d Cir.2008).

█ Substantial evidence supports the agency's adverse credibility determination. The agency reasonably relied, in part, on the omission from Wang's asylum application of any assertion that she was physically abused while being interrogated by police. Wang testified that she was physically assaulted by police, explaining that a female officer pinched her and that a male officer beat her and "put his hands inside [her] clothes." When confronted with the omission of any such assertion from her asylum application, Wang explained that it was "embarrassing" and that she was ashamed to write it in her application. The IJ did not find Wang's explanation convincing. Although "asylum applicants are not required to list every incident of persecution on their I–589 statements," *Pavlova v. INS*, 441 F.3d 82, 90 (2d Cir. 2006), Wang's omission of the only physical mistreatment she alleged was plainly substantial. *See Liang Chen v. U.S. Att'y Gen.*, 454 F.3d 103, 106–07 (2d Cir.2006). Additionally, the IJ reasonably declined to credit her explanation. *See Majidi v. Gonzales*, 430 F.3d 77, 80–81 (2d Cir.2005).

█ The agency also relied on other discrepancies in the record. For example, while Wang testified that she did not know what became of her friend Yan Ni, who introduced her to Falun Gong, Wang stated in her asylum application that when the police questioned her about Ni, "[she] got to know that [her] friend was already arrested." Similarly, while Wang testified

**500**

that she had contact with only one Falun Gong practitioner in the United States, she stated in her application for asylum that she "met a lot of Falun Gong practitioners in China Town in the U.S."[2]

The agency also properly noted that while Wang testified that her fiance, Bill, applied for a visa for her to come to the United States, she indicated in her application for asylum that she asked her "American friend," Gary, to help her "get out of China as soon as possible." Whether or not these inconsistencies are substantial, together they served to undermine Wang's credibility. *See Tu Lin v. Gonzales,* 446 F.3d 395, 401 (2d Cir.2006). Moreover, while Wang offered the agency explanations for these discrepancies, they were not so compelling that the agency erred in rejecting them. *See Majidi,* 430 F.3d at 80–81.

Ultimately, the agency's adverse credibility determination was supported by substantial evidence. *See Tu Lin,* 446 F.3d at 401. Because Wang based her claims for asylum, withholding of removal, and CAT relief on the same factual predicate, those claims necessarily fail. *See Paul v. Gonzales,* 444 F.3d 148, 156–57 (2d Cir.2006); *Xue Hong Yang v. U.S. Dep't of Justice,* 426 F.3d 520, 523 (2d Cir.2005).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is

DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).

---

2. While Wang argues that this inconsistency was caused by a translation error, we decline to consider this unexhausted argument in the first instance where the agency never had the opportunity to consider it. *See* 8 U.S.C. § 1252(b)(4)(A); *Lin Zhong v. U.S. Dep't of Justice,* 480 F.3d 104, 107 n. 1, 122 (2d Cir. 2007).

